The next case on the call of the docket is agenda number 8, case number 127854, People of the State of Illinois v. Ryan Heineman. Mr. Fletcher Hamill, would you please begin? Good morning, Your Honors. My name is Fletcher Hamill, and I represent the defendant, Appelant. You should speak up. Sorry. I represent the defendant, Appelant, Ryan Heineman, and I represent the defendant, Appelant, Ryan Heineman. The issue in this case is whether the state can use the existence of a statute to prove the existence of a scientific real-world fact. And the answer to that question is obviously no. The defendant in this case was charged with two counts of aggravated DUI. Count 1 alleged that the defendant was driving while his whole-blood alcohol content concentration was greater than .08, and Count 2 alleged that the defendant drove while under the influence. Obviously, the defendant's whole-blood alcohol content was crucial to Count 1 because it was a direct element of the offense, and it was also extremely important to Count 2 because the state sought and received a IPI-2330 informing the jury that it could presume that the defendant was under the influence because his whole-blood alcohol content was over .08. However, the state produced no evidence or no direct evidence of the defendant's whole-blood alcohol content. Instead, they proved the defendant's serum alcohol content and then sought to introduce a conversion factor to allow the jury to calculate the defendant's whole-blood alcohol content from the serum alcohol content number. That conversion factor is a scientific fact. It is something that exists in the real world, existed before there was ever a statute involved in this, will exist forever whether there's a statute or not, exists in states that don't have statutes involved in this, and it is derived by scientists who are basically determining what percentage of human blood is serum. That is something that exists in the real world. Traditionally, the state proved this conversion factor by expert testimony like any other we see in every case that basically predates 2001. But then in 2001, the Illinois State Police, ostensibly acting under authority from the legislature, promulgated Administrative Code Section 128640, which provides a specific conversion factor, 1.18. So now the state in order to prove this conversion factor in this case is relying on section the existence of Section 128640. And that simply cannot work. You cannot prove a real-world fact by having a statute exist. Isn't this simply a matter of the Court? And I know the Court did not take judicial notice, but that's in essence what the Court did, is it not? I don't think that is in essence what the Court did. I think if it was judicially noticed, that would have been different than what happened here. And one thing that would have happened was there would have been a specific instruction given to the jury informing them that they did not have to go along with the judicial notice. But on top of that, I mean, the issue of judicial being taking judicial notice of this statute is closely intertwined with this issue here. I don't believe that the judge could take judicial notice of this section. Although, I don't know that that exact point — But does it make a difference? I mean, if the judicial notice is susceptible — if this issue is susceptible to judicial notice, then why is expert testimony even necessary to aid the jury? The problem here — the problem here is that — Is it susceptible to judicial notice? Well, the question is, what is susceptible to judicial notice? The conversion factor. No. And nobody asked the judge to take judicial notice of the conversion factor. And even in the appellate court cases where judges took judicial notice, they did not take judicial notice of the conversion factor. They took judicial notice of the And that's — that's a key distinction here. Because if you look at cases that are cited in the States' briefs, such as Abdallah and — and Luna, where judges take judicial notice of scientific facts, what they're taking judicial notice of is that the consensus of the scientific community agrees that that fact is true. That is not what you do if you take judicial notice of the existence of Section 1286.40. That's saying — that's taking judicial notice that a — the Illinois State Police promulgated a regulation. That's not the same as saying the scientific community agrees that this is a fact. And so that — that's a very important distinction. And so — so — and again, you know, theoretically, could the State have asked the judge to take judicial notice that the scientific consensus is that the conversion factor is 1.18? They could have tried. I don't know if they would have succeeded. If you, you know, look at the — the, you know, the expert testimony that's recounted in the appellate court cases, there's a range. It's in the range. Maybe it would have worked. But that's not what they tried to do here. And — and, you know, they — what they're doing here is taking a shortcut. They're just saying, take judicial notice of this — this regulation that exists and find — and find this real-world fact exists because the regulation exists. But a regulation doesn't make a real-world fact true. And I can give, you know, a hypothetical example. The sun rises in the east, right? And if the State — if the legislature passed a statute today saying the sun shall rise in the west, the sun will continue to rise in the east tomorrow. That fact, that real-world fact would not be changed by the existence of a statute. And — and if you had a case where it was, you know, a — you know, a crucial fact in the case at trial, whether the sun was rising in the east or the west, you couldn't cite the statute and say it must have been rising in the west. That wouldn't work. And even if the statute said the sun rose in the east, you still wouldn't cite the statute to prove that the sun rose in the east. You would cite, you know, hundreds of thousands of years of human experience or — or something like that. So that's the difference here. So could the State have proved a conversion factor of 1.18? Probably. And they probably could have done it rather easily. But they didn't in this case. They simply proved that a regulation existed. And that does not prove any underlying fact. Well, realistically, they wouldn't have been able to prove the conversion factor of 1.18 unless they knew a lot of information about the defendant and what happened that day, correct? I don't — Otherwise, it's a range. It's a scientifically acceptable range, right? I mean, that does seem to be what the testimony in — in other appellate court cases said. I would hasten to point out that none of that testimony was introduced at this — in this case. And, in fact, none of that testimony was introduced in a case that's less than 20 years old in this State. So that's what it looks like. And you're right. It probably wouldn't be 1.18 exactly. They probably, based on — based on what, you know, what that old testimony was, assuming that's still the state of science, it would probably be 1.2. It would be a range, but the 1.2 would be the safe number at the top of the range. But they didn't — you know, again, they didn't do that. If they do that, fine, but — but it's not there in this case. And there's simply no evidence from which the jury could — a reasonable trier of fact could find a conversion factor in this case because 1.28640 is not evidence. One other — I also want to address the appellate court's holding in this case, because the appellate court — and, actually, I think the State also takes this case in a couple different directions — that neither of which solved this fundamental problem of this being a scientific fact. The appellate court ruled that the officer's lay testimony was admissible because it had — because Section 1.28640 had the full force and effect of law. What — that doesn't mean anything. The — what effect of law? The only — the only way that there could be — that could be an effective law is if it somehow directed the jury to find the scientific fact that the — that the conversion factor was 1.18. And if that was the case, then what 128640 is is a presumption. And if it's a presumption, it has to be a discretionary presumption because mandatory presumptions are unconstitutional. So you don't — you don't communicate a presumption to the jury by having a lay witness testify that the statute exists. A presumption — in fact, we have a presumption in this case. You can easily see how it's done. It's done with a jury instruction. And that jury instruction includes the admonishment that the jury is not required to make the presumption. Didn't happen in this case. So whether 128640 is, you know, a law is not relevant. It's not evidence of a fact. That's how the state used it, and that's how it — and it didn't work that way. Also, the state argues in its brief that Officer Fisher's testimony was relevant because 128640 was a — was a regulation that governed his investigation of the offense. Again, that's not relevant. The — you know, Officer Fisher didn't testify to any investigation of the offense. Whether Officer Fisher complied with Section 128640 or any other administrative code provision wasn't at issue in this case. There was — that's not why the state brought that regulation in. They brought it in to prove the scientific fact that the conversion factor is 1.18. So again, that doesn't work. Counsel, you just indicated that the jury was not instructed that they didn't have to follow that presumption. But wasn't the jury instructed about their right to not believe the testimony of a witness or to determine what weight to give to the testimony of a witness? They are given that — they did. And they received that instruction in every case. And in fact, they received that instruction in People v. Olson, which is the case — is the appellate court case that found that the — that the — that the instruction has to be given when a judge takes judicial notice, you know, the specific instruction. So I don't think it's sufficient for the jury to simply be told as a general proposition that they can — you know, they're the — the judges of credibility when, you know, when the — you know, the jury is told that they have to believe the testimony of a witness. When the testimony is — again, it's not even so much that — whether that testimony is credible, it's that the testimony doesn't prove the fact. And that is that the — they just can't find that the conversion factor is 1.18 based on the existence of a statute that, you know, that doesn't prove that. So as to count one of this case, this flaw is fatal. There's no — you know, count one charges being over 0.08, whole blood alcohol concentration. There's no way to prove that other than to prove these 0.08. So the state failed to prove count one beyond a reasonable doubt. And for that reason, I ask that your honors reverse that count outright. And as to count two, it is more complicated because there are other ways to prove intoxication beyond being 0.08. However, and the state did have a fair amount of evidence that the defendant was intoxicated independent of his blood alcohol content. However, that evidence was not overwhelming, and the blood alcohol content evidence is so highly prejudicial. Because, you know, not — first as, you know, an intuitive factor, you know, tell — you know, everybody knows that the defendant was intoxicated. That, you know, being above 0.08 is being intoxicated, whether they're told about a presumption or not. And being told by Officer Fisher that this defendant's whole blood alcohol content was 0.131 is a highly prejudicial thing for them to hear. And then on top of that, the jury was instructed that it could presume, based on that number alone, that the defendant was intoxicated. So that — so count two, the error — the error in this introduction of this testimony in count two demands a new trial. So unless your honors have any further questions, I would ask that your honors reverse count one outright and reverse count two and remand it for a new trial. Thank you, Mr. Hanlon. Thank you. Mr. Alastair Whitney. Good morning, your honors, counsel. May it please the court, Assistant Attorney General Alastair Whitney on behalf of the people. Your honors, I'd like to recenter this court on answering a simple question here today. And that question is, can a lay witness testify about a fact within that witness's personal knowledge that is both key to resolving that defendant's conduct and crime, and that is key to resolving a key issue at trial, which is namely whether defendant's blood serum alcohol concentration test result can be converted into its whole blood equivalent? And the answer to that question must be yes. I want to focus on what Officer Fisher actually said. Officer Fisher testified only to facts within his personal knowledge as it related to the investigation of defendant's conduct and crime. He testified that he was aware that that code section contained a conversion factor of 1.18. He then simply plugged into that number into a mathematical equation, a simple mathematical equation, describing for the jury how he arrived at calculating defendant's whole blood alcohol concentration level. He said the .155 blood serum alcohol concentration test result the hospital staff obtained from defendant after his crash divided by the conversion factor of 1.18 equals a quotient of .131, which was defendant's whole blood alcohol concentration level. Finally, he said that the .131 value exceeded the lawful limit of .08 grams per deciliter. Your Honors, there is no rule of evidence barring the admission of this testimony, and there is nothing about it that would have required expert explanation or opinion. Counsel, do you agree that this is an example of an extreme conflation of facts and law? No, Your Honor. You said the officer testified to a fact. That's all he testified to was a fact. But that fact was the existence of a regulation that the appellate courts had the force of law. Well, I would first point out the defendant has not pointed out any authority making this distinction meaningful. And second, I would point out that because Officer Fisher needed to show the jury that he was complying with a regulation that governed his conversion, that he wasn't just picking a number. It's not a matter of him complying with anything. He's testifying to something. He's not out on the street complying with something. He's in court testifying to a fact. But then you said, maybe counsel didn't cite any law, because my question to you is, show me another instance where the legislature is allowed to legislate the facts or a fact in a particular case. And show me another instance where a lay witness is allowed to instruct the jury on the law as opposed to the court instructing the jury on the law. Your Honor, I would say respectfully that the lay witness here did not instruct the jury on the law. The judge did, and the jury instruction that was tendered to the jury. The lay witness here simply said, this is what I did. And the jury was free to accept or reject that testimony as it would the testimony of any other witness at trial. He said, there is a number in the regulation. I use this number, 1.18, and divided defendant's blood serum alcohol concentration test result to obtain his whole blood equivalent. That's all he said. Was his blood that amount? Was it 1.13? I'm sorry? Was the defendant's blood at the time it was taken, whole blood, a .13? His blood serum at the time the blood serum alcohol test was taken was .155. The conversion factor was then applied. My question to you is, do you know as a fact right now whether it actually was .13? Well, it was because the conversion factor within the scientifically acceptable range, that defendant does not... That's a range. You're talking about a range now. Yes. We're talking about a range. You don't know whether it was .13. Somewhere in the range. Yes, Your Honor. It was within the range. But this is the range, this is the number that the Department of State Police authorized by statute was allowed to promulgate. And this regulation is presumptively valid. Again, that gets back to the issue of, when is the legislature allowed to legislate a fact in a particular case? The legislature said, in this case, state police go ahead and do that. State police picked the number. I mean, they didn't pick it out of the hat, I understand that, but they picked the number. And then the number now is plugged into the facts of this case to say, oh yes, Mr. Defendant, you are now a .13. That is a fact of this case? Yes. So, when is the legislature allowed to legislate a fact in a particular criminal case? Well, I would point out that defendants' characterization of other cases about people via Abdullah, the use of the speed gun here, using that fact that says a speed gun must be calibrated to a certain point to be used to capture the speed of a driver speeding. That fact, that the officer used the speed gun in compliance with regulations, was completely admissible by a lay witness, and that the officer need not be an expert in the underlying scientific matters here for using that. Also, for example, field tests, literally allowing a police officer, lay witness, to testify that on the side of the road he performed a miniature scientific experiment to determine whether a certain substance was an illicit substance by pouring that substance into a bag and then reading that result. And all of these tests that officers used and that rely on are prescribed by regulation. And so, I think to answer your question, Your Honor... But in the examples you're giving, there's a process that the officers used, right? Yes. An accepted process. From that process, a conclusion is drawn. Yes, Your Honor. Isn't that different from what we're talking about in this case? Respectfully, Your Honor, no, I don't think it is. The process here was simply using a simple division problem to calculate defendant's whole blood alcohol concentration test result. And I would just like to take a step back and point out, I think... How is there a certainty of that number when there's a range? Well, the certainty of that number is that the Department of State Police was lawfully authorized by statute to establish that number. And out of a sense of fairness, at the very least, they don't want a lay witness or some police officer in defendants... Any of defendants in this aggravated DUI just to pick a random number or to select one number on one side of the range or the other. That could be key in determining whether a particular defendant is guilty or innocent. Doesn't that go back to Justice Burke's question then? What other example is there of the legislature establishing a number? Because that's what happens in this case. The legislature sets out the procedure you follow, the calculation, everything. So it's a legislative decision. Yes, and the legislature has the authority to establish that. And we don't cite that in our brief, but I am aware that there are several other instances in the administrative code section where certain conversion factors are established. For example, converting the amount of water into like a bushel of wheat for determining the weight of that bushel of wheat. And other jurisdictions have held that there are other numbers for the conversion of blood serum, alcohol concentration tests into their whole blood equivalent. So Illinois is no outlier here in the establishment as a legislative matter, establishing this presumptively lawful regulation that governs police... In this state, would you need an expert to say that that's a proper procedure, a proper calculation, a proper process? I think, Your Honor, it's a simple mathematic problem. That's something that the jury could go back and literally scratch on a piece of paper and say, this is incorrect or correct. And the application of a simple mathematic problem is not something that an expert would need to opine about. I would like to point out, Your Honors, that it's not like Officer Fisher's testimony said that this was the best conversion factor, that this was the only conversion factor to use, or that this was the most appropriate conversion factor given defendant's blood physiology or body type. He simply said, I got this blood serum test result, I divided it by the number that is provided by regulation, and I obtained this result. The jury was free to accept or reject that. And defendant was also free to introduce this expert testimony saying why that wasn't the case, why there would be another number out there that would be more suitable for defendant. He was also free to challenge the propriety of the regulation at trial on constitutional grounds and make comments, like I said, about why a different conversion factor. The state has the burden of proof, and so what they've set up is this calculation that is not under attack by an expert saying that this is not appropriate. Yes, Your Honor, and we don't mean to suggest to the state that there is a burden of proof issue and that we're trying to shirk that duty here. The state did establish its burden of proof by bringing forth competent evidence of this conversion factor. And so after that point, the defendant, again, the jury was free to accept that or reject that testimony, and if defendant wanted to introduce other evidence of a different conversion factor to use, he could have done that. He could have had an expert come in whose testimony may have been assigned more weight by the jury that said this is why in this particular instance with this particular defendant and his body type, or blood type, or whatever it may be, why a different conversion factor would be appropriate, but he failed to do so. So after establishing the burden of proving this conversion factor for the jury, he simply testified only to facts within his personal knowledge and there is no rule of evidence or any law otherwise saying that this is somehow inappropriate. And... No, Your Honor, the state did not. I think the only difference it would make, Your Honor, is there would be a slightly different instruction for the jury telling them that just because the court, you know, the authority of the court took judicial notice of a certain fact in a regulation, that the jury need not assign a greater weight to that and that they could choose to accept or reject that fact. It would differ slightly than the typical jury instruction where they, you know, would be instructed, if it came in via witness testimony, they could assign whatever value to that testimony they would like. So that's, I think, the slight distinction here, but in effect, the jury in both cases is told, you can accept this or reject this. You know, the defendant brings up a point about, you know, there being a regulation about the sun rising in the West, and if somebody got on the stand and testified, oh, this regulation told me that the sun rose in the West and it was critical to a key issue at trial, the jury could go back and in their own experience say, this is ridiculous, of course that's not true, and they could reject that testimony. There's nothing about, you know, the fact that it comes in via the regulation that would prevent the jury from doing so, and the jury was free to do that here. I mean, that's what the average juror would have, I mean, yeah, we all know where the sun rises because we're alive and we get to see the sun rise every day if we're up in time, but isn't this different? With respect to actually just doing the simple division problem, I don't think it is. I mean, this is something that in other cases, even the prosecutor has done the math for the jury after the conversion factor has been introduced. But what about the conversion factor? Are they able to make a determination as to whether or not that's the appropriate diversion factor? I mean, are they going to have some alternative diversion factor in mind or be able to determine whether an alternative diversion factor applies? Well, if defendant presented other evidence or had he done so in this case, then they would have had that alternative conversion factor to consider, and again, that an expert may have been introducing that evidence versus a lay witness police officer, the jury may well have assigned more weight to that expert testimony describing that conversion factor. So the people met its burden of proof when they introduced this number, and then if defendant wanted to change it or if he wanted to give the jury something else to consider, it was on him to introduce some other evidence of that, and he did not have to do that. He could have called an expert. He could have introduced or challenged the propriety of the regulation if it was extremely unreasonable. And he does not challenge the propriety of the regulation here today, Your Honors. So 1.18, I've got the right number, wasn't just full all over half? No, no, Your Honor. This is within a scientifically acceptable range. There are numerous Illinois appellate court cases that hold, in fact, that this is on the defendant-friendly side of the scientifically acceptable range, generally ranging between 1.12 and 1.2. And just taking a step back, defendant could have introduced an inordinately high off-the-charts number here that is literally physically and anatomically impossible, say of 1.9. And his blood alcohol concentration level, his whole blood alcohol concentration level, would still have exceeded the lawful limit of .08. So perhaps the reason he did not present this evidence or any other number within that scientifically acceptable range to challenge the state's evidence is because any other number wouldn't have shown or produced a result, any other reasonable or scientifically acceptable number wouldn't have produced a result that would have come or brought his whole blood alcohol concentration level beneath the threshold. When the trial court takes judicial notice of this, specifically, what is the trial court taking judicial notice of? You heard the discussion with opposing counsel about what was actually being taken notice of. They can take notice of the regulation, Your Honor. So that would include, of course, the contents of the regulation. And counsel has identified no reason why there should be an exception, why the court couldn't take judicial notice, even hypothetically, even though it doesn't apply in this case, but why a court should not be able to take judicial notice of this one particular regulation here. And we have identified no case law saying that there is an exception to a court being unable to take judicial notice of the contents of a statute or regulation. The 1.18 is a number that could vary based on different circumstances. Is that correct? Yes, Your Honor. And that would depend, I think, from my understanding of defendant's physiology, body type, blood composition, et cetera. So if that's the case, when that number is introduced, and the state has the burden of proof in this case, right? Yes. Does this situation vary the burden of proof? I mean, now is it on the burden on the defendant to persuade that this 1.18 is incorrect? So are we switching the burden of proof in this case by having something like this? Because once you establish this 1.18, even though that number can vary based on a variety of circumstances, evidently in this case it's not the burden on the defendant to show what the different circumstances are, to show what varies. Is that correct? Well, I wouldn't say it's a burden, Your Honor. I mean, the people have established and met their burden by presenting this evidence. The burden that here's a number that can vary based on different circumstances. Yes, Your Honor. And then it was on defendant to say, well, wait a second. This is just a blanket number at the average or at the high end of the average of the range. But this is why for me, my weight, my body type, my blood composition, why this is inappropriate. And the appropriate way to do that would have been by introducing expert testimony. In other words, the burden of persuasion now would shift to the defendant. Well, defendant, I wouldn't say it's necessarily a burden, but if he wanted to introduce other evidence for the jury to consider, then that's, those would be the avenues for him to do that. Rather than the State saying there are no other circumstances that would change this number. And I'm sorry. I mean, and that's not what happened here, Your Honor. The State said that there was, they just simply said this is an officer. You're right. I mean, they didn't say this is the only or. I know it's not in this case. Right. But not requiring the State to prove that this number doesn't, isn't varied based on other circumstances that might exist. Yeah. And the jury, I mean, excuse me, the jury was free to accept or reject this testimony. I mean, if they determined that the number on the math was incorrectly applied or, you know, based on his demeanor while testifying that he didn't really seem sure of himself, they were free to accept or reject this. And in that case, the State wouldn't have met its burden and would have perhaps found defendant not guilty on count one. But that's, but that's not what happened here, Your Honor. So does taking judicial notice of the statutory language, does that include doing the calculation for the jury? I mean, you mentioned that when you're taking judicial notice, it's the language of the language that's being presented to the jury, but not the calculation, right? No, Your Honor. Only taking judicial notice here. That would have only been proper to take judicial notice strictly of the regulation and its contents. Of course, the State had to present evidence of defendant's blood serum, alcohol concentration test results. And that was obviously a key component in this very simple division problem to get to the whole blood equivalent. And the officer did that division problem for the jury, right? Yes. Yes, Your Honor. And that was totally appropriate? That was totally appropriate because it was facts within his personal knowledge. There is nothing about, I mean, truly, Your Honor, there was nothing about Officer Fisher's testimony that even could be reasonably considered as an opinion. Again, he just said, I'm the lead investigator investigating defendant's crimes. I'm aware that there's this code section. It contains this number. What I did is I plugged that number in to this simple equation, and I got a whole blood alcohol concentration test result of .131, and it exceeded the lawful limit. Your Honors, if there are no further questions on this point, I would just briefly like to discuss the remedies here. Thank you very much, Your Honors. We ask that this Court affirm. Thank you. Mr. Hammond. Thank you, Your Honor. It all comes back to this one point, that 1.18 is a scientific fact. It can't be anything else. Everything we know, and I heard counsels use the phrase, you know, scientifically accepted range many times during his argument here. How do we know the scientifically accepted range? Because scientists testified in these prior cases to that range. This is something, again, if 1286.40 didn't exist, the conversion factor would still exist. It is something that exists completely independent of Section 1286.40. So the question is, does 1286.40, whether you have a lay witness testify to it, whether you have a judge take judicial notice of it, does the existence of that regulation prove the scientific fact underlying it? And the state can't get around that problem. Are you arguing a separation of powers problem? Well, it's more of just a reality, reality and logic. It's just you can't, you know, that's where the sun rising in the east example comes from. I mean, it's just the conversion factor exists regardless of what the legislature does. So it's just a matter of does the passage of this administrative co-provision prove something out there in the real world? And the answer is it just simply doesn't. So what should the state have done? Well, there's actually several options. You know, the most straightforward one would be the traditional method of bringing in an expert and having him testify to it. That would always work. If in fact there is a scientific consensus that, you know, to this 1.12 range or to the 1.8 or 818 or, you know, or any number in that range, if there is in fact a scientific consensus of that, the state can ask the judge to take judicial notice of the scientific consensus that that is a fact. That's something that a judge can take judicial notice of. That's, you know, Abdullah and Luna. So they could do it that way if, in fact, they could prove that up. This is the nature of judicial, taking judicial notice by statute. Yeah, it is. I mean, essentially it's just a question of you can take judicial notice of things, but you still have to mean something. You know, you take a judicial notice of a statute. That doesn't mean that this defendant's blood was, I think it would be like 85 percent serum or something, is what gives you that 81.18 number. The statute doesn't make that true. That's the problem here. I mean, legally there are many things we use as presumptions, right, that are introduced in evidence as presumptions. Right. And this is a presumption introduced in evidence because the jury doesn't have to accept it, do they? Well, when we use presumptions, usually it's not so much that it comes in evidence. It's that the judge instructs the jury about the presumption. And that didn't happen here. So if, in fact, you know, 1286-40, as the appellate court held, had the force and effect of law, the way to communicate that to the jury would have been a jury instruction, which, you know, obviously the judge didn't do here. Counsel, explain something to me. You suggested that if an expert were brought in, no problem. Correct. You said if judicial notice was taken, they could take judicial notice of this conversion factor. But who does the conversion if no expert? I think that traditionally, I think the jury, if the jury gets the number, gets evidence of the number, they can do the math. So the State doesn't have to prove it. You let the jury figure it out. Well, I think there's actually an appellate court case where there was evidence of the number, and then the prosecutor actually did the math and argued it in argument. And I believe the appellate court approved of that. That's acceptable. Doing the math part is the easy part. It's getting the number that is scientific. So you don't have a problem with the officer testifying as to the calculation? Well, as long as there was separate evidence of the number, but I don't know why he would at that point. I guess you could call a police officer simply to be a human calculator if you wanted to, but the crux of that testimony, the important part is that number, because you have to know what to divide by. Divide is easy, but you have to know the number to divide by, and that's the scientific fact. Council rebutted my sun rising in the east example by pointing out that the jury, in that situation, the jury could, in the situation where somebody testified in the statute saying that the sun rose in the west, the jury could use their own knowledge and reject that. That's fine for lay knowledge, but what about this? This is, you know, people, lay people don't know the conversion factor between serum alcohol content and whole blood alcohol content. There's no way to rebut the existence of the statute. You know, the statute exists. It's just a question of does it prove what it's supposed to prove, and obviously it doesn't. So unless your honors have any further, actually, one more small point, because council did bring up other regulations that provide conversion factors, such as the amount of water in a bushel of wheat. If there's a criminal case where an element of the crime is that the wheat has a particular volume of water, I don't think the judge would be able to take judicial notice of whatever that section was. That's the point. Maybe there are regulations out there that put conversion factors in there that can be used in certain contexts, but this is a criminal case, and it requires proof of beyond a reasonable doubt of all the elements by competent evidence, and the state did not do that in this case. So I would ask, again, unless your honors have any questions, to reverse the count one outright and to reverse count two and remand for a new trial. Thank you. Case number 127854, People of the State of Illinois v. Ryan Heineman, will be taken under advisement by this Court as agenda number eight. Thank you, Mr. Whitney, and also thank you, Mr. Hamill, for your arguments today.